UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONNIE MANUEL PREAL,

                Petitioner,

    v.

DIRECTOR, BUREAU OF PRISONS,

                Respondent.

Case No. C17-1527-JLR-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ronnie Manuel Preal has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking relief from his current confinement on the grounds that the Federal Bureau of Prisons has improperly denied him prior custody credit towards his federal sentence. Respondent opposes petitioner's request for relief. Following careful consideration of petitioner's federal habeas petition, respondent's response thereto, petitioner's reply in support of his petition, and the balance of the record, this Court concludes that the petition should be denied and this action should be dismissed with prejudice.

REPORT AND RECOMMENDATION - 1

BACKGROUND

On January 3, 2014, petitioner was arrested in Twin Falls County, Idaho and was subsequently charged in two separate cases there. (Dkt. 16, Giddings Decl., ¶ 5, Attachments 1 and 2.) Specifically, petitioner was charged in Case No. CR-2014-250 with one count of misdemeanor possession of a controlled substance, and in Case No. CR-2014-253 with one count of felony possession of a controlled substance and three counts of unlawful possession of a weapon by a convicted felon. (*Id.*) Also on January 3, 2014, a petition of probation violation was filed against petitioner in another Twin Falls County case, Case No. CR-2013-10393, and a warrant/detention order was issued in that case on January 6, 2014. (*Id.*, Giddings Decl., ¶ 6, Attachment 3.) On January 7, 2014, a warrant was issued in yet another case, Case No. CR-2013-6122. (*Id.*, Giddings Decl., ¶ 7, Attachment 4 at 4.) That case originated in Jerome County, Idaho and the warrant was issued after petitioner failed to appear for a scheduled arraignment on January 6, 2014. (*See id.*)

On February 11, 2014, a federal criminal indictment was filed in the United States District Court for the District of Idaho charging petitioner with one count of unlawful possession of firearms and one count of possession of an unregistered firearm. (*Id.*, Giddings Decl., ¶ 8, Attachment 5.) The offenses charged in the indictment were alleged to have occurred on or about January 3, 2014. (*See id.*)

On February 13, 2014, petitioner was sentenced in Case No. CR-2013-10393 to ten days of jail time for the probation violation, and he was credited with ten days of time served. (*Id.*, Giddings Decl., ¶ 9, Attachment 3 at 3.) Shortly thereafter, on February 18, 2014, the charges pending in Case No. CR-2014-253 were dismissed. (*Id.*, Giddings Decl., ¶ 10, Attachment 1.) And, on March 13, 2014, the charges pending in Case No. CR-2014-250 were dismissed on

REPORT AND RECOMMENDATION - 2

motion of the prosecutor, leaving only the Jerome County charges pending against petitioner. (*See* Dkt. 16, Giddings Decl., ¶ 11, Attachment 2.)

On March 24, 2014, petitioner pled guilty in Jerome County District Court to three misdemeanor charges, including possession of a controlled substance, failure to provide proof of insurance, and possession of drug paraphernalia. (*See id.*, Giddings Decl., Attachment 4 at 1-2.) Petitioner was sentenced on the same date to a total term of 360 days imprisonment, and he was given credit for 96 days of prior custody. (*See id.*, Giddings Decl., ¶ 12, Attachment 4 at 1-2.) The state court judge ordered that this sentence run concurrent to the federal hold which was then in place as a result of the federal criminal indictment. (*See id.*) Petitioner's Jerome County sentence was set to expire on December 16, 2014. (*Id.*, Giddings Decl., Attachment 9 at 2.)

On April 3, 2014, petitioner was transferred from state custody into federal custody pursuant to a writ of habeas corpus ad prosequendum issued by the United States District Court for the District of Idaho. (*See id.*, Giddings Decl., ¶ 13, Attachments 6, 7 and 9.) Petitioner thereafter entered a guilty plea to the federal charge of unlawful possession of a firearm, and he was sentenced on October 20, 2014 to a term of 57 months imprisonment which was ordered to run concurrent with the sentence imposed in the Jerome County case (CR-2013-6122). (*Id.*, Giddings Decl., ¶ 13, Attachment 8.) On October 22, 2014, the United States Marshals Service (USMS) attempted to return petitioner to the Jerome County Jail to complete his state sentence, but the jail declined to accept petitioner back into its custody and advised the USMS that petitioner's state time could run with his federal time. (*Id.*, Giddings Decl., ¶ 14, Attachment 7 at 2 and Attachment 9 at 3.)

According to petitioner, he was committed to the Federal Bureau of Prisons (BOP) on February 6, 2015, and for approximately two years thereafter his record reflected that he had a

REPORT AND RECOMMENDATION - 3

total of 280 days of prior custody credit, and he had been consistently advised that his statutory release date was March 3, 2018.  (*See* Dkt. 4 at 14-15; Dkt. 18 at 2.)  However, on February 9, 2017, after an audit of petitioner's sentence computation was conducted by BOP staff, petitioner's jail credit was reduced to 70 days, and his projected statutory release date was adjusted to September 29, 2018.  (*See* Dkt. 4 at 16-17.)  In conducting the audit, BOP staff determined that petitioner was entitled to prior custody credit for the period from January 13, 2014 through March 23, 2014, so-called "*Willis* credits."[1]  (*See* Dkt. 16, Giddings Decl., ¶ 16, Attachment 13 at 2.)  However, the BOP removed credit for the period from March 24, 2014 through October 19, 2014 which had been included in its original calculation.  (*See* Dkt. 4 at 15, 17.)

## DISCUSSION

Petitioner asserts in this action that he was improperly denied credit against his federal sentence for the period from January 3, 2014 through January 12, 2014, which represents the first 10 days of his confinement following his arrest by local authorities in Twin Falls, Idaho.  (*See* Dkt. 4 at 9; Dkt. 18 at 2-3.)  Petitioner also asserts that 210 days of prior custody credit (representing the period from March 24, 2014 to October 19, 2014) was improperly removed from his time served calculation and he seeks to have that time restored.  (Dkt. 4 at 9.)  Respondent argues that the credit petitioner is requesting is for time spent in service of his Idaho state sentences and therefore cannot be credited against his federal sentence.

---

[1] As will be discussed in more detail below, there is a general prohibition on the award of dual credits against a federal sentence.  *See* 18 U.S.C. § 3585.  However, there is a limited exception to this prohibition against dual credit which is set forth in BOP Program Statement 5880.28, and is based on the Fifth Circuit's decision in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971).  (*See* Dkt. 16, Giddings Decl., ¶ 16, Attachment 12.)  *Willis* credits are available when state and federal sentences are running concurrently and when awarding credit against only the state sentence would not reduce the period of actual imprisonment.  (*See id.*)

REPORT AND RECOMMENDATION - 4

The statute which guides this discussion is 18 U.S.C. § 3585.  Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (emphasis added).

While § 3585 clearly contemplates that a prisoner will receive credit for time spent in prior custody, it also clearly prohibits the award of dual credit.  With respect to the first time period at issue, the 10 day period between January 3, 2014 and January 12, 2014, petitioner asserts that BOP staff advised him he was not entitled to credit for this period because that time was used to satisfy a sentence imposed in CR-2014-253.  (*See* Dkt. 4 at 9; Dkt. 18 at 2-3.)  Petitioner notes that no sentence was ever imposed in CR-2014-253 because that case was dismissed prior to final disposition, and he thus argues that the 10 days at issue could not have been credited against that case and should therefore be credited against his federal case.  (*See* Dkt. 18 at 2-3.)

While the record confirms that the 10 days could not have been credited against Case No. CR-2014-253, the record also makes clear that the 10 days were credited against another state sentence, the one imposed in CR-2013-10393 for the probation violation.  (*See* Dkt. 16, Giddings

REPORT AND RECOMMENDATION - 5

Decl., ¶ 9, Attachment 3 at 3.)  Petitioner maintains that he knew nothing of a probation violation.  (Dkt. 18 at 3.)  However, the evidence in the record shows that petitioner appeared before the state court in the probation matter on January 7, 2014 at which time he was arraigned, advised of his rights, had a public defender appointed, and had a bond set.  (*See* Dkt. 16, Giddings Decl., Attachment 3 at 5.)  The record further reflects that an evidentiary hearing was conducted in the matter on February 13, 2014, at which time petitioner's probation was revoked and the 10 day sentence was imposed.  (*See id.*, Attachment 3 at 3, 5-6.)

Regardless of whether the BOP referenced the proper state court case in its communications with petitioner, and regardless of whether petitioner now recalls the probation proceeding in which the 10 day sentence was imposed, the record makes clear that such a sentence was imposed and that petitioner received credit for time already served against that sentence.  Thus, BOP properly denied petitioner credit for those same 10 days against his federal sentence as an award of such credit was precluded by operation of § 3585.

With respect to the second period of time at issue, from March 24, 2014 to October 19, 2014, petitioner claims that this time was not credited towards any state court sentence and should therefore be credited towards his federal sentence.  (Dkt. 4 at 9.)  This period of time represents the period between when petitioner was sentenced in his Jerome County case and when he was sentenced in his federal case in the District of Idaho.

The record reflects that shortly after petitioner was sentenced in his Jerome County case, a federal magistrate judge in the District of Idaho issued a writ of habeas corpus ad prosequendum directing the Jerome County Jail and the USMS to produce petitioner for proceedings in his federal criminal case.  (*See* Dkt. 16, Giddings Decl., Attachment 6.)  The writ specifically directed that the USMS return petitioner to the Jerome County Jail at the conclusion

REPORT AND RECOMMENDATION - 6

of the federal proceedings. (*See* Dkt. 16, Giddings Decl., Attachment 6.) As noted above, the Jerome County Jail declined to take petitioner back into custody once his federal proceedings concluded.

Petitioner appears to argue that because Jerome County had primary jurisdiction over him at the time the USMS executed the writ to bring him into federal custody, and because Jerome County declined to take him back into custody once his federal prosecution concluded, Jerome County effectively relinquished its jurisdiction over him during this period meaning that he received no credit against his Jerome County sentence for this time spent in custody. Petitioner therefore reasons that he should receive credit for this time against his federal sentence. However, neither the record nor applicable case law supports this argument.

In *United States v. Warren*, 610 F.2d 680 (9th Cir. 1980), the Ninth Circuit Court of Appeals explained that

> Determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns. Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign.

*Id*. at 684.

The State of Idaho did not relinquish its priority of jurisdiction when it produced petitioner for federal prosecution. *See Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991). As was explained in *Thomas*, "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be "on loan" to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Id*. at 1367 (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). That the State of Idaho declined to

REPORT AND RECOMMENDATION - 7

take petitioner back into its physical custody after he was sentenced in his federal case reflects only that state authorities determined petitioner could serve the remainder of his state sentence concurrently with his federal sentence in federal custody, a fact which the Jerome County booking record confirms. (*See* Dkt. 16, Giddings Decl., ¶ 17, Attachment 9 at 3.) The State of Idaho relinquished its priority of jurisdiction only when the sentence imposed in case CR-2013-6122 expired on December 16, 2014.

Because petitioner was, indeed, serving his Jerome County sentence continuously from March 24, 2014 until it expired on December 16, 2014, petitioner is not entitled to credit towards his federal sentence for time spent in custody prior to October 20, 2014 when the concurrent federal sentence was imposed.

## CONCLUSION

As none of the arguments set forth by petitioner in his petition for writ of habeas corpus have merit, this Court recommends that petitioner's federal habeas petition be denied and this action be dismissed with prejudice. . A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **June 11, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 15, 2018.**

REPORT AND RECOMMENDATION - 8

     This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

     DATED this <u>21st</u> day of May, 2018.

*[signature]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9